# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| The OLIVER, LLC | ) |
| | ) |
|          Petitioner, | ) |
|   v. | ) |
| | )   C.A. No. N24M-10-306 |
| Harkins Builders, Inc., | ) |
| | ) |
|          Respondent. | ) |

## ORDER

*Upon the Petitioner, Oliver, LLC's Motion for Reconsideration*
*of the Commissioner's Decision*

Having reviewed The OLIVER, LLC's Motion for Reconsideration of the Commissioner's Decision Denying a Motion to Quash a Subpoena Duces Tecum, the response of Harkins Builders, Inc, and the entire record, it appears to the Court that:

1. Harkins Builders, Inc ("Harkins") and The OLIVER, LLC ("Oliver") are involved in litigation in North Carolina. The litigation involves a claim by Harkins that it was not paid for its general contracting work on a multi-building project for which Oliver was the owner. In response to Harkins complaint, Oliver has asserted that Harkins work was not done properly.

2. BSPRT CRE Finance LLC, ("BSPRT") a Delaware limited company, is Oliver's lender on the project.

3. Harkins, through this Court, issued a foreign subpoena to BAPRT for

records relating to the Oliver loan for the project in question.

4. Oliver moved to quash the subpoena.

5. Following briefing and argument, a Commissioner of this Court denied Oliver's motion to quash holding that Oliver did not have standing to move to quash the subpoena. The basis for the Commissioner's order was that BSPRT was not alleging that it was unduly burdensome to respond to the subpoena and in such a context Oliver had no standing to object to the subpoena on the basis of undue burden.

6. Oliver has moved for reconsideration of the Commissioner's Order.

7. Under Superior Court Rule 132(a)(3)(iv), this Court may reconsider a Commissioner's order on a non-case dispositive matter "where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion."

8. Having reviewed the record this Court concludes that there has been no showing that the Commissioner's order was based upon findings of fact that are clearly erroneous, contrary to law or the decision constitute an abuse of discretion. Oliver had no standing to assert undue burden where the entity from whom the records are being requested not only did not argue undue burden but has made it clear that it is willing to turn over the records upon presentation of a court order

requiring them to be produced.[1] Even if Oliver had standing there has been no sufficient showing of oppression or annoyance which would justify the withholding of the documents. Additionally, under the General Conditions to the Contract between the parties, Articles 2.2.1 and 2.2.2, Harkins has a right to the documents. Even absent the contractual language, the documents are relevant to the claims being asserted in the litigation and are discoverable by Harkins.

For these reasons The Oliver, LLC's Motion for Reconsideration of the Commissioner's Order Denying The Oliver's LLC Request to Quash the Subpoena directed to BSPRT CRE be and hereby is DENIED this 3rd day of December, 2024.

**IT IS SO ORDERED** this 3rd day of December, 2024.

/s/ Francis J. Jones, Jr.
Francis J. Jones, Jr., Judge

cc:     File&ServeXpress

---

[1] *Summit Fire & Sec. LLC v. Kolias*, 2022 WL 3572827 (Del. Ch. 2022); *Matter of Jermey Paradise Dynasty Tr.* 2022 WL 840074 (Del. Ch. 2022).